IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:16-CR-3116 |
| vs. | MEMORANDUM AND ORDER |
| KENNETH MOOREN, | |
| Defendant. | |

This matter is before the Court on the defendant's motion for compassionate release (filing 54) pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court will deny the defendant's motion.

Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a),[1] may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.[2]

---

[1] The Court notes the defendant's suggestion that § 3553(a) is not applicable. Filing 54 at 6. The Court disagrees, but regardless: even if this motion was entrusted entirely to the Court's discretion, the Court would rely on the § 3553(a) factors in the exercise of that discretion.

[2] Section 1B1.13 has not been amended in response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer

The defendant's motion is based on the risk of COVID-19 and his obesity. *See* filing 54. And obesity is a recognized risk factor for serious COVID-19 disease. E.g. David A. Kass et al., *Obesity could shift severe COVID-19 disease to younger ages*, 395 The Lancet 1544-45 (May 16, 2020), https://bit.ly/2YOYS7e; Jennifer Lighter et al., *Obesity in Patients Younger Than 60 Years Is a Risk Factor for COVID-19 Hospital Admission*, Clinical Infectious Diseases (Apr. 9, 2020), https://bit.ly/3johuUY.

But the defendant's motion isn't clear about whether he's been vaccinated. *See* filing 54. And while the COVID-19 pandemic remains serious, the Bureau of Prisons has made progress in vaccinating inmates: at FPC Duluth (where the defendant is now incarcerated) approximately ⅔ of the inmate population has been vaccinated and there are currently no confirmed active cases of COVID-19 in the inmate population. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 15, 2021). Of course, no vaccine is perfect, and there remains a possible risk of contracting COVID-19, but the evidence suggests that vaccinated people are far less likely to be at risk of COVID-19 than other people, despite any other medical conditions.

And even assuming the defendant faces some additional risk, the § 3553(a) factors do not weigh in favor of release. The defendant began a term of 120 months' imprisonment in October 2017 for conspiracy to distribute methamphetamine, *see* filing 51, and the defendant's criminal history was extensive, *see* filing 47 at 8-11. The defendant received the mandatory minimum sentence and was sentenced at the very bottom of the Guidelines

---

remains "applicable" guidance for the current version of § 3582(c)(1)(A)(i), but the Court may consider the criteria set forth in § 1B1.13 to the extent they remain helpful and relevant. *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

range. *See* filing 52. The defendant hasn't served half of that sentence, and there is nothing about the defendant's circumstances to persuade the Court he should not serve the balance. Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 54) is denied.

Dated this 16th day of July, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge